IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
AT JEFFERSON CITY

| | |
|---|---|
| KELLY DRENNAN, | ) |
| and | ) |
| MARQUERITA MAEDER, | ) |
| and | ) |
| MARLENE HANDRICK, | ) Case No. 2:10-cv-04084-NKL |
| Plaintiffs, | ) |
| v. | ) |
| MILLER COUNTY AMBULANCE DISTRICT, | ) |
| and | ) |
| THOMAS SPRIGGS, | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO COMPLAINT AND PETITION FOR DAMAGES

COME NOW Defendants Miller County Ambulance District and Thomas Spriggs, by and through counsel, and for their Answer to the Complaint and Petition for Damages filed by Plaintiffs, state as follows:

## INTRODUCTION

1. The allegations in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 1.

2. The allegations in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 2.

**PARTIES**

3. Defendants admit that Plaintiff Drennan is female and over the age of 40. Defendants further admit that Drennan is a former employee of Miller County Ambulance District and a former subordinate of Defendant Spriggs. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore deny same.

4. Defendants admit that Plaintiff Maeder is female and over the age of 40. Defendants further admit that Maeder is a former employee of Miller County Ambulance District and a former subordinate of Defendant Spriggs. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore deny same.

5. Defendants admit that Plaintiff Handrick is female and over the age of 40. Defendants further admit that Handrick is an employee of Miller County Ambulance District and a subordinate of Defendant Spriggs. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore deny same.

6. Defendants deny that Defendant Miller County Ambulance District (MCAD) is a municipal fire department. Defendants admit that MCAD is an ambulance district with its principal office in Eldon, Miller County, Missouri.

7. Defendants admit the allegations in Paragraph 7.

8. The allegations in Paragraph 8 are legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny same.

## JURISDICTION AND VENUE

7. Defendants admit that venue is proper in this Court, and deny all remaining allegations in Paragraph 7.[1]

8. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny same.

9. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny same.

10. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations in Paragraph 10, and therefore deny same.

## FACTUAL ALLEGATIONS

**Plaintiff Drennan**

11. Defendants deny that Drennan was "recruited" for any position at Miller County Ambulance District. Defendants admit that Dennis Hogue was the President of the District's Board of Directors in April and May of 2007. Defendants deny all remaining allegations in Paragraph 11.

12. Defendants admit that Drennan began working for Defendant MCAD on a part-time basis in or about May 2007 at a rate of $15.50 per hour. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the remaining allegations of Paragraph 12, and therefore deny same.

---

[1] Numbers 7 and 8 are repeated in the Complaint. Defendants' responses are accordingly numbered and are responsive to the correspondingly numbered paragraphs in the section in which they appear.

13. Defendants admit that Drennan began working full-time for Defendant MCAD in or about September 2007. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit that Drennan's pay rate when began working as a full-time paramedic was $17.00 per hour. Defendants further state that the terms of employment were known to Drennan prior to her acceptance of employment. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations regarding Drennan's pay rate and vacation time at any other employer and therefore deny same. Defendants deny all remaining allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny same.

17. Defendants deny the allegations of Paragraph 17.

18. Defendants are without sufficient information or knowledge at this time of any injury sustained by Plaintiff on or about October 6, 2007 to form a belief as to the truth of that allegation and therefore deny same. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants admit that Drennan was never suspended from her job at MCAD. Defendants deny the remaining allegations in Paragraph 20.

21. Defendants deny that Hogue contacted Drennan at home and state that it was Drennan who contacted Hogue and invited him over for soup. Defendants deny all remaining allegations in Paragraph 21.

22. Defendants deny that Hogue was Drennan's direct supervisor and further deny all remaining allegations in Paragraph 22.

4

23. Defendants admit that Hogue and a co-worker stopped by Drennan's to pick up the soup. Defendants deny all remaining allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in the first sentence of Paragraph 28. Defendants admit that a male employee was appointed to the position of field supervisor in or about February 2009. Defendants admit the allegations in the last sentence of Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants admit that Drennan was required to obtain a doctor's note to excuse an absence occurring on or about May 23, 2009. Defendants deny the remaining allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants admit that Drennan was injured on the job on or about June 30, 2009. Defendants deny that Spriggs refused to fill out an accident report and further state that it is the injured employee's responsibility to complete such report.

36. Defendants deny that the assistant administrator filled out an Accident Report for Drennan. Defendants are without sufficient information or knowledge at this time regarding what Drennan was informed by her doctor to form a belief as to the truth of those allegations,

5

and therefore deny same. Defendants deny the allegations in the last sentence of Paragraph 36 and all remaining allegations in Paragraph 36.

37. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations in Paragraph 37, and therefore deny same.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants admit that Drennan was given the choice to resign or be fired. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants are without sufficient information or knowledge at this time to form a belief as to what Drennan was told by a co-worker, and therefore deny same. Defendants deny that Defendant Spriggs kept a "hit list" of the employees he wanted to terminate, and deny all remaining allegations in Paragraph 40.

**Plaintiff Maeder:**

41. Defendants deny the allegations in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants admit that Maeder's office adjoined Spriggs' office. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the remaining allegations in Paragraph 43, and therefore deny same.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations in Paragraph 47, and therefore deny same.

48. Defendants admit that Davis created a new check sheet for stocking the trucks, and that all employees were informed that they needed to stock the trucks in accordance with the new sheet. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants admit that Davis had his own key to the supply room, as all supervisors did. Defendants deny that Davis began using Maeder's computer to order supplies and deny the remaining allegations in the first sentence of Paragraph 50. Defendants are without sufficient information or knowledge at this time to know whether Maeder password protected her computer or the reason for so doing. Defendants deny all remaining allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 54, and therefore deny same.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants admit that Fanci Bennett was employed by MCAD and filed a charge of discrimination against it. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the remaining allegations in Paragraph 56, and therefore deny same.

57. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations in Paragraph 57, and therefore deny same.

58. Defendants deny the allegations in Paragraph 58.

7

59. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations in Paragraph 59, and therefore deny same and further deny that Defendant Spriggs threatened any employees for speaking with the investigator.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants are without sufficient information or knowledge at this time to form a belief as to what Maeder was informed by an unidentified person, and therefore deny same. Defendants further deny the existence of any "hit list."

64. Defendants deny the allegations in Paragraph 64.

65. Defendants admit that the bedroom quarters at the station were tested for mold based on employee complaints. Defendants deny that Maeder requested that the mold be tested in the supply room and deny all remaining allegations in Paragraph 65.

66. Defendants admit that Maeder was terminated on July 29, 2009. Defendants deny all remaining allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

**Plaintiff Handrick:**

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants admit that Defendant Spriggs spoke to Handrick on or about June 18, 2009 regarding his intent to terminate her employment as a result of events occurring on March 8, 2009. Defendants deny the remaining allegations in Paragraph 74.

75. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 75, and therefore deny same.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants admit that a decision was made to hold a meeting between Spriggs, Handrick, Bill Holman and Kevin Gill but deny the remaining allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 79, and therefore deny same.

80. Defendants admit the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 82, and therefore deny same.

83. Defendants admit that Handrick has been required to obtain a doctor's release to return to work on at least one occasion, but at this time do not know the exact date. Defendants deny the remaining allegations in Paragraph 83.

84. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations in Paragraph 84, and therefore deny same.

85. Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations in Paragraph 85, and therefore deny same.

86. Defendants deny the allegations of Paragraph 86.

## COUNT I
### Title VII – Gender Discrimination
### All Plaintiffs v. Defendant

COME NOW Defendants and in response to Count I of Plaintiffs' Complaint, state as follows:

87. Defendants restate their responses to Paragraphs 1-86 as though fully set forth herein.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96 and further state that several prompt and thorough investigations were conducted regarding the Plaintiffs' allegations.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any of the relief prayed for on Count I of their Petition and respectfully request that the Court dismiss same and enter Judgment in their favor and for such other and further relief as the Court deems proper.

## COUNT II
### Title VII: Sexual Harassment
### All Plaintiffs v. Defendant

COME NOW Defendants and in response to Count II of Plaintiffs' Complaint state as follows:

101. Defendants restate their responses to Paragraphs 1-100 as though fully set forth herein.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any of the relief prayed for on Count II of their Petition and respectfully request that the Court dismiss same and enter Judgment in their favor and for such other and further relief as the Court deems proper.

## COUNT II[2]
### Title VII: Age Discrimination
### Drennan and Maeder v. All Defendants

COME NOW Defendants and in response to the second Count II of Plaintiffs' Complaint, alleging age discrimination against Plaintiffs Drennan and Maeder, state as follows:

107. Defendants restate their responses to Paragraphs 1-106 as though fully set forth herein.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

---

[2] There are two Count IIs in Plaintiffs' Complaint.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any of the relief prayed for on Count III of their Petition and respectfully request that the Court dismiss same and enter Judgment in their favor and for such other and further relief as the Court deems proper.

## COUNT IV
## Title VII: Retaliation
## All Plaintiffs v. Defendant

COME NOW Defendants and in response to Count IV of Plaintiffs' Complaint state as follows:

113. Defendants restate their responses to Paragraphs 1-112 as though fully set forth herein.

114. The allegations in Paragraph 114 constitute a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny same.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any of the relief prayed for on Count IV of their Petition and respectfully request that the Court dismiss same and enter Judgment in their favor and for such other and further relief as the Court deems proper.

## GENERAL DENIAL

Defendants deny all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state one or more claims for relief which may be granted.

2. The employment decisions described in Plaintiffs' Complaint were made in good faith for legitimate common non-discriminatory and non-retaliatory reasons; as such, Plaintiffs are not entitled to any damages.

3. Defendants Miller County Ambulance District and Thomas Spriggs exercised reasonable care to prevent and promptly correct any alleged harassing behavior and/or Plaintiffs, or each of them individually, unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants.

4. To the extent that any Plaintiff failed to timely pursue and exhaust any administrative remedies, her claims are barred.

5. Plaintiffs are barred from seeking relief for any acts or claims which occurred more than 300 days prior to the date each filed her charge of discrimination.

6. Plaintiffs are barred from seeking relief for any acts or claims which exceed the scope of their respective charges of discrimination.

7. Plaintiffs' Complaint fails to state a claim warranting the imposition of punitive damages or other damages based on the applicable legal standards.

8. Defendants do not have any liability for damages arising out of each individual Plaintiff's failure to mitigate her damages, to the extent any such damages exist.

9. Plaintiffs' claims are barred by waiver, estoppel and consent, express or implied.

10. This action is frivolous, unreasonable and groundless and, accordingly, Defendants are entitled to attorneys' fees and other costs associated with the defense of this action.

11. To the extent Plaintiffs are asserting claims against Defendants for personal injuries and mental anguish, such claims are preempted by the exclusive remedies provided under the Missouri Worker's Compensation Law, Chapter 237, RSMo.

12. Plaintiffs' claims are barred by the doctrines of governmental immunity.

13. Defendants Miller County Ambulance District and Thomas Spriggs reserve the right to assert further Affirmative Defenses as they become apparent through discovery or investigation.

WHEREFORE, having fully answered all Counts of Plaintiffs' Complaint and set forth their Affirmative Defenses, Defendants Miller County Ambulance District and Thomas Spriggs deny that any Plaintiff is entitled to any relief in this matter; pray that this Court enter its Order dismissing this matter with prejudice, and that the Court enter Judgment in their favor for costs, including attorneys' fees; and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

SCHREIMANN, RACKERS,
FRANCKA AND BLUNT, L.L.C.

/s/ Jane C. Drummond
Chris Rackers, Mo. Bar #41894
Jane C. Drummond, Mo. Bar #50999
2316 St. Mary's Boulevard, Suite 130
Jefferson City, MO 65109
573/634-7580
573/635-6034 (facsimile)
cpr@srfblaw.com
jcd@srfblaw.com

Attorneys for Defendants Miller County Ambulance District and Thomas Spriggs

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Kelly McCambridge-Parker, 1308 NE Windsor Drive, Lee's Summit, MO 64086, Attorney for Plaintiffs.

                                                    /s/ Jane C. Drummond